UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID R. NABORS, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 10-cv-00910-F |
| NORTHLAND GROUP, INC., | § § | |
| Defendant. | § § § | |

## JOINT FED.R.CIV.P 26(F) REPORT

In accordance with Rule 26 of the Federal Rules of Civil Procedure and this Court's Order to Conduct Rule 26(f) Conference, Plaintiff DAVID R. NABORS ("Plaintiff") and Defendant NORTHLAND GROUP, INC. ("Defendant") respectfully submit the following Joint Conference Report.

1. **Statement of the claims and defenses.**

    Plaintiff has filed a complaint against the Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA) and has alleged that Defendant violated §§1692d, 1692d(5), 1692e and 1692e(10) of the FDCPA. Defendant has denied the allegations of the Complaint and damages Plaintiff has sustained.

2. **Proposed time limit to file motions for leave to join other parties:**

    October 1, 2010;

3. **A proposed time limit to amend pleadings:**

    December 30, 2010 for Plaintiff and January 30, 2011 for Defendant;

4. **A proposed time limit to file various types of motions, including dispositive motions:**

    All motions should be filed no later than January 10, 2011;

5. **A proposed time limit for initial designation of experts:**

   Designation of and delivery of reports from Plaintiff's experts: July 26, 2010;

   Designation of and delivery of reports from Defendant's experts: August 26, 2010;

6. **A proposed time limit for responsive designations of experts:**

   Responsive Designation of Plaintiff's experts: September 10, 2010;

   Responsive Designation of Defendant's experts: October 10, 2010

7. **A proposed time limit for objections to experts (i.e. Daubert and similar motions):**

   Within thirty (30) days of the date on which such experts are designated.

8. **A proposed plan and schedule for discovery, a statement on the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues:**

   The Parties propose that all written discovery shall be served by **November 17, 2010.**

   The Parties further propose that all other discovery shall be completed by **December 17, 2010.**

   Discovery will be needed regarding the claims of the Plaintiff, the alleged basis for such claims, and the alleged damages sustained by the Plaintiff. Discovery will also be needed on any and all defensive matters raised by Defendant.

9. **What changes should be made in the limitations on discovery imposed:**

   The Parties do not anticipate any modifications to the limitations on discovery at this time. However, the Parties expressly reserve the right to seek additional discovery, including depositions, beyond these limits. The Parties agree that reasonable additional discovery shall be allowed unless the party opposing discovery can show good cause why such discovery should not be allowed.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI:**

The Parties have discussed issues related to the preservation of discoverable information and determined that additional, affirmative preservation efforts are not warranted in this case because the documents ordinarily discoverable in Fair Debt Collection cases like this are normally preserved by the Parties. However, Plaintiff does not waive any right to request additional discovery of ESI and Defendant does not waive any defense to such discovery requests. Requests for ESI will be propounded in accordance with Federal Rules of Civil Procedure 26 and 34 in order to provide Defendant with sufficient specificity to locate responsive material and seek a protective order, if necessary. At this time there are no disputes regarding the disclosure or discovery of ESI.

11. **Any proposal regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order:**

None at this time.

12. **A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded:**

First available date following March 7, 2011; Trial estimated at approximately 1-2 days and a jury trial has been demanded by Plaintiff;

13. **A proposed date for further settlement negotiations:**

Anytime prior to January 10, 2010; Parties have engaged in settlement discussions without agreement to date. Parties will continue to negotiate settlement in good faith.

14. <u>Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:</u>

No objections. Disclosures will be made on or before July 15, 2010;

15. <u>Whether parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge:</u>

Parties do not unanimously consent to Magistrate Jurisdiction;

16. <u>Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective:</u>

Parties do not unanimously consent to arbitration;

The Parties have agreed to mediate this litigation on or before February 15, 2011. The parties will discuss when this mediation would be most effective, as well as discuss potential mediators and location. The Parties will provide this information to the Court upon agreement.

17. <u>Any other proposals regarding scheduling and discovery that parties believe will facilitate expeditious and orderly preparation for trial:</u>

None;

18. <u>Whether a conference with the Court is desired and the reasons for requesting a conference:</u>

No conference is requested at this time;

19. **Any other matters relevant to the status and disposition of the case, including any other orders that should be entered by the Court under FRCP 16(b), 16(c), and 26(c):**

None.

20. **Status Report on Settlement Negotiations**

Plaintiff is not aware of any changes in settlement prospects. To Plaintiff's knowledge, Defendant has made no settlement offer.

Based upon investigation and information exchanged heretofore, Defendant believes Plaintiff's lawsuit is without any basis in law and is frivolous. Accordingly, Defendant is contemplating a claim for attorney's fees and costs.

RESPECTFULLY SUBMITTED,

Dated: July 2, 2010
By: /s/ Peter Cozmyk
Peter Cozmyk, Esq.
Krohn & Moss, Ltd.
3 Summit Park Drive, Suite 140
Independence, Ohio 44131
P: (323) 988-2400
F: (866) 425-3459
pcozmyk@consumerlawcenter.com
Attorneys for Plaintiff,

Dated: July 2, 2010
By: /s/Amy L. Mitchell
Amy L. Mitchell
Mitchell & Duff, LLC
210 Main St.
Richmond, Texas 77469
P: (281) 341-1718
Attorneys for Defendant

### Certificate of Service

This is to certify that a true and correct copy of this instrument was this day forwarded to Amy L. Mitchell, Mitchell & Duff, LLC, 210 Main St., Richmond, Texas 77469, Attorneys for Defendant through the Court's ECF system.

Signed: July 2, 2010.

Alicia Mandolini